## 23535. CAUTHORN MOTOR CO. INC. *v.* WHEELER.

DECIDED SEPTEMBER 22, 1934. REHEARING DENIED SEPTEMBER 29, 1934.

*McElreath & Scott, J. Lon Duckworth,* for plaintiff in error.

*Branch & Howard, E. L. Tiller,* contra.

STEPHENS, J. There are only two questions presented for consideration. One is whether the title to the plaintiff's Chevrolet automobile ever passed out of him into the defendant. The other is whether the plaintiff is liable under either an express or an implied contract for the repairs made by the defendant upon the new automobile which the defendant claims it sold to the plaintiff, but which the plaintiff denies that he purchased. No question is presented as to the defendant's right to set off its claim which arises ex contractu against the plaintiff's claim which arises ex delicto. The verdict found for the plaintiff, which was in the sum of $350,

is in an amount less than the value placed upon the Chevrolet automobile in the petition and testified to by the plaintiff, which was $500.

The Chevrolet automobile which is the subject-matter of the trover suit originally belonged to the plaintiff. It was at all times his property unless he became divested of the title by a contract, either express or implied, to which he was a party. Title to the automobile would not pass until the parties traded and there arose a contract for the sale to the plaintiff of a new automobile. There arose no contract for the sale of an automobile by the defendant to the plaintiff, unless the written offer of the plaintiff to the defendant to purchase an automobile was accepted by the defendant and became a contract between the parties. If the plaintiff's offer did not become a contract, the title to the automobile never passed out of him.

Since it does not appear conclusively as a matter of law that the defendant accepted the plaintiff's offer by communicating to the plaintiff the defendant's "o. k." upon the offer before the plaintiff stated to the defendant that he, the plaintiff, did not think he would have to pay for the wrecked automobile and demanded the return of the plaintiff's automobile, the inference is not demanded as a matter of law that the plaintiff's offer was accepted by the defendant before the plaintiff had withdrawn it by demanding of the defendant the return of his own automobile and stating to the defendant that he did not think he would have to pay for the car.

Whether the jury in arriving at the verdict for the plaintiff, which was for $350 and in an amount less than the value, namely $500, placed by the plaintiff upon his automobile and testified to by him, allowed the defendant on the plea of set-off anything for repairs made by the defendant upon the automobile which the defendant states the plaintiff bought, can not, of course, be determined. The evidence is undisputed that the repairs were not made upon the request or order of the plaintiff, and that the plaintiff did not authorize them. There is no evidence that the plaintiff ever agreed to pay for the repairs. While there is evidence that he inspected the automobile after it had been repaired, and approved, or "o. k.'d," the repairs, and made some declarations which might indicate that he considered that he had bought the automobile and that it was his, it appears from uncontradicted evidence that the

plaintiff refused to accept the automobile after it was repaired, and that it was left in the possession of the defendant. The evidence therefore does not demand the finding that the plaintiff was liable for the repairs. The evidence authorized the verdict for the plaintiff.

There is manifestly no merit in the contention of counsel for the plaintiff in error that the verdict is contrary to law and that a new trial should be granted because it is not indicated in the verdict whether the jury found against the defendant on the plea of set-off, and that, if the jury did so find, whether they did so upon the ground of the plaintiff's solvency or upon the ground of his non-liability for the repairs. It appears from the brief that counsel is of the impression that if the jury had found against the defendant's set-off upon the ground that the plaintiff was solvent, the verdict would not be an adjudication generally of the defendant's right to recover of the plaintiff for the repairs.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*